IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

**AARON BIRTCHER, individually, and**
on behalf of all others similarly situated,

           **Plaintiffs,**         Civil Action No. 5:13CV46 (Bailey)

                                        Filed Electronically 3/28/2013

**v.**

**CONSOLIDATION COAL COMPANY,**
a corporation,

           **Defendant.**

### NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Consolidation Coal Company, by undersigned counsel, has removed the above-captioned action from the Circuit Court of Marshall County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, Defendant states as follows:

#### I. NATURE OF REMOVED ACTION

      1.    The removed case is a civil action filed on August 9, 2012, in the Circuit Court of Marshall County, West Virginia, assigned Civil Action No. 12-C-169H and captioned as *Aaron Birtcher, individually, and on behalf of all others similarly situated v. Consolidation Coal Company.* In accordance with 28 U.S.C. §§ 1446(a), a copy of all process, pleadings, and orders served in the state court action are attached hereto as "Exhibit A."

#### II. TIMELINESS OF REMOVAL

      2.    In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Defendant's receipt of Plaintiff's Motion to Compel on March 18, 2013, upon which it was first ascertained that this case is one which is or has

become removable based on the doctrine of complete preemption under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### III. VENUE IS PROPER

3. Venue of this case is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Marshall County is located within the Northern District of West Virginia, Wheeling Division.

### IV. BASIS OF REMOVAL

4. Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 based on the doctrine of complete preemption.

5. Plaintiff alleges that Defendant failed to comply with the West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.,* by failing to pay his wages and benefits in full, within seventy-two hours of his discharge from employment, as required by § 21-5-4(b). *See* Compl. at ¶ 8.

6. Defendant's workforce is comprised of both non-union employees, as well as union members of the United Mine Workers of America ("UMWA") subject to a collective bargaining agreement, known as the National Bituminous Coal Wage Agreement ("NBCWA"). A copy of the pertinent portions of the 2011 NBCWA is attached hereto as "Exhibit B." Prior versions of the NBCWA with the same substantive provisions as the 2011 version governed Defendant's unionized workforce in 2007-2010.

7. The only named-Plaintiff, Aaron Birtcher, was a non-union employee of Defendant.

8. Plaintiff purports to represent a class of similarly-situated employees who were

also discharged and not paid their final wages within seventy-two hours. *See* Compl.

9. Plaintiff's Complaint references neither Defendant's UMWA employees, nor the collective bargaining agreement applicable to union employees.

10. Within Plaintiff's Motion to Compel, however, Plaintiff explicitly states for the first time in the course of litigation that he intends to serve as the representative of a class comprised of both non-union employees, as well as union employees governed by a collective bargaining agreement. *See* Motion to Compel contained within Exhibit A.

11. The inclusion of union employees governed by a collective bargaining agreement in the class of individuals that Plaintiff seeks to represent renders this case removable under the doctrine of complete preemption by the LMRA § 301.

12. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425 (1987).

13. A corollary to the well-pleaded complaint rule is the "complete preemption doctrine," which provides that a complaint "can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden v. Discover Bank,* 556 U.S. 49, 50, 129 S.Ct. 1262 (2009) (citing *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058 (2003)).

14. The complete preemption doctrine applies to claims when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar,* 482 U.S. at 393 (quoting *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542 (1987)). The completely preempted state claim will thus be considered, "from its inception, a federal

claim," and consequently "arises under" federal law. *Caterpillar,* 482 U.S. at 393 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)).

15. "The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Caterpillar,* 482 U.S. at 393.

16. The Supreme Court has ruled that § 301 of the LMRA has the requisite extraordinary preemptive force to support complete preemption. *Byard v. Verizon West Virginia, Inc.,* 2012 WL 1085775 at * 2 (N.D.W.Va., Mar. 30, 2012) (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

17. Section 301 of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

18. A state law claim will be completely preempted by LMRA § 301 if resolution of the claim "requires the interpretation of a collective-bargaining agreement," *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405 (1988), or if the claim is "inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904 (1985).

19. In order to determine whether interpretation of a collective bargaining agreement is required to resolve a state claim, an examination of the *prima facie* elements of the state law cause of action in required. *Foy v. Pratt & Whitney Group,* 127 F.3d 229, 233 (2d Cir.1997)

(citing *Lingle,* 486 U.S. at 407); *see also Moore v. Verizon West Virginia, Inc.,* 2012 WL 1085771 at *3 (N.D.W.Va., Mar. 30, 2012).

20. In order to establish a *prima facie* claim under § 21-5-4(b) of the WPCA for failure to timely pay wages due within 72 hours of discharge, a plaintiff is required to prove the effective date of his discharge.

21. The determination of when a UMWA employee's discharge from Consolidation Coal Company is effective necessarily requires interpretation of the collective bargaining agreement applicable to these workers. Other provisions of the NBCWA will also need interpretation in connection with Plaintiff's State Law claim with regard to calculation and timing of payments related to vacation and other CBA provided benefits.

22. As a result, the class action WPCA claims Plaintiff purports to assert on behalf of Defendant's union employees are preempted by LMRA § 301, such that this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.

23. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441.

24. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

25. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff, as well as the Clerk of the Circuit Court of Marshall County, West Virginia, contemporaneously with the filing of this Notice of Removal.

WHEREFORE, Defendant removes this action now pending against it in the Circuit Court of Marshall County, West Virginia, at Civil Action No. 12-C-169H, to this Court.

Dated this the 28th day of March, 2013.

                                      **CONSOLIDATION COAL COMPANY**

                                      **By Counsel**

                                  /s/ *Larry J. Rector*

|  |  |
|---|---|
|  | Larry J. Rector (WV Bar #6418) |
|  | larry.rector@steptoe-johnson.com |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Boulevard |
| Of Counsel | Bridgeport, WV  26330 |
|  | (304) 933-8151 |

                                  Julie A. Arbore (WV Bar #11315)
                                  julie.arbore@steptoe-johnson.com
                                  Suncrest Center
                                  1085 Van Voorhis Road, Suite 400
                                  P.O. Box 1616
                                  Morgantown, WV 26507
                                  (304) 598-8137

                                  Robert M. Vukas (WV Bar #3882)
                                  CONSOL Energy
                                  CNX Center
                                  1000 Consol Energy Drive
                                  Canonsburg, PA  15317

                                  *Counsel for Consolidation Coal Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

AARON BIRTCHER, individually, and
on behalf of all others similarly situated,

        Plaintiffs,                Civil Action No. _____

v.

CONSOLIDATION COAL COMPANY,
a corporation,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2013, I electronically filed the foregoing ***"Notice of Removal"*** with the Clerk of the Court using the CM/ECF system and also served a true and correct copy of the same via U.S. Mail, postage pre-paid, upon the following:

    Frank X. Duff, Esq.
    Sandra K. Law, Esq.
    Schrader Byrd & Companion, PLLC
    The Maxwell Centre
    32 20th St STE 500
    Wheeling WV  26003-3747

                                    */s/  Larry J. Rector*
                                    Larry J. Rector

6232938